IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVE SIMMS, BRUCE IBE, WES LEWIS, CONSTANCE YOUNG, ROBERT FORTUNE, and DEAN HOFFMAN, *Individually and on Behalf of All Others Similarly Situated*, § § § § § § | |
| Plaintiffs, § | CIVIL ACTION NO. 3:11-CV-0248-M |
| v. § | |
| § | (Consolidated with 3:11-CV-345-M) |
| JERRAL "JERRY" WAYNE JONES, BLUE & SILVER INC., DALLAS COWBOYS FOOTBALL CLUB, LTD., JWJ CORPORATION, COWBOYS STADIUM, L.P., COWBOYS STADIUM, G.P., LLC, and NATIONAL FOOTBALL LEAGUE, § § § § § § § § | |
| Defendants. § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss Consolidated Complaint [Docket Entry #53] and Plaintiffs' Motion to Strike [Docket Entry #63]. For the reasons explained below, the Motion to Strike is **DENIED**, and the Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

### I.    BACKGROUND AND PROCEDURAL HISTORY

Given that this is a Motion to Dismiss, Plaintiff's version of the facts is taken as true at this stage in the litigation.[1] On February 6, 2011, Cowboys Stadium hosted Super Bowl XLV. Tickets were offered for sale to the general public.[2] On each ticket, its face value and the following "Super Bowl Ticket Terms" were printed: "[a]dmission may be refused or ticket

---

[1] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (2009).
[2] Plaintiffs' Consolidated Complaint at ¶4.1.

holder ejected at the sole discretion of the National Football League, subject to refund. . . ."[3]

Plaintiffs allege that to accommodate more spectators, Defendants Jones and the National Football League ("NFL") added temporary seating in Cowboys Stadium.[4]  On January 27, 2011, the press reported that "[a]n additional 13,000 temporary seats were installed to accommodate a record-setting game day crowd of 150,000 people."[5] Installation of the temporary seats was not completed prior to the game.

Three separate groups of ticket holders claim to have been affected by the partial completion of the temporary seating: (1) those who were seated, but had an obstructed view of the field and stadium (the "Obstructed View Group"); (2) those who were relocated to seats that differed from their ticketed seating or were delayed in gaining access to their seats ("Relocated/Delayed Group"); and (3) those who were denied seats to the game, some of whom watched it on monitors in the Miller Lite Club (the "Displaced Group").[6]

The day after the game, NFL Commissioner Roger Goodell stated that the problems were "obviously a failure on our [the NFL's] part, and we have to take responsibility for that."[7]  NFL Vice President Eric Grubman explained that the NFL "had a very good shot to be able to complete [the temporary seating]," that they "just ran out of time," that they "felt in the middle of the week [completing the seating] was going to be a problem," and that it was not until game day that the NFL felt there was a distinct possibility that they could not accommodate some ticketholders.[8]  Plaintiffs allege Jones admitted that he shared responsibility with the NFL for the failure to complete the temporary seating before the game was played.[9]

After the game, the NFL provided several options to affected ticket holders. The NFL

---

[3] Defendants' Mot. to Dismiss, Ex. A.
[4] Plaintiffs' Consolidated Complaint at ¶ 4.3.
[5] Defendants' Mot. to Dismiss, Ex. B.
[6] Plaintiffs' Consolidated Complaint at ¶5.1.
[7] Defendants' Mot. to Dismiss, Ex. G.
[8] *Id.*
[9] Plaintiffs' Consolidated Complaint at ¶4.10.

offered the "Displaced Group" three choices: (1) payment of $2,400 (three times the face value of a game ticket) plus a ticket to the next Super Bowl game; (2) a ticket to any future Super Bowl game of the fan's choice, plus airfare and hotel accommodations; or (3) the greater of either $5,000 or the amount of expenses actually incurred by the ticketholder, including the ticket price, all travel expenses, food expenses at a daily rate of $100, and hotel expenses.[10] The NFL offered the "Relocated/Delayed Group" two options: (1) payment of the face value of the game ticket; or (2) one free ticket to any future Super Bowl game of the fan's choice.[11] A person accepting any of the options was required to give a release. No offer was made to the Obstructed View Group.

On May 6, 2011, Plaintiffs filed their Consolidated Class Action Complaint, alleging breach of contract, breach of the covenant of good faith and fair dealing, fraud, deceit and concealment, and negligent misrepresentation. Defendants now move to dismiss the Consolidated Class Action Complaint, and Plaintiffs move to strike certain exhibits to the Defendant's Motion to Dismiss.

## II.   MOTION TO STRIKE

Plaintiffs move to strike the following exhibits attached to Defendants' Motion to Dismiss: (1) the Super Bowl XLV game ticket, (2) media articles, (3) the NFL's offers, and (4) a transcript of a press conference by NFL representatives. Generally, in considering a motion to dismiss under Rule 12(b)(6), the Court "must limit itself to the contents of the pleadings, including attachments thereto."[12] If the Court is presented with matters outside the pleadings and does not exclude them, "the motion must be treated as one for summary judgment [and] . . . [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to

---

[10] Defendants' Mot. to Dismiss, Ex. E.
[11] *Id.,* Ex. F.
[12] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

the motion."[13] However, the Fifth Circuit has recognized "one limited exception" to this rule.[14] Under that exception, "'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'"[15] These facts are necessary: the document(s) must be (1) attached to a defendant's motion to dismiss, (2) referred to in the plaintiff's complaint, and (3) central to the plaintiff's claims.[16] Because the game ticket is expressly referred to in the Original Complaint and is central to Plaintiffs' breach of contract claims, the Motion to Strike the Super Bowl XLV game ticket (Exhibit A) is **DENIED**.

When reviewing a motion to dismiss, the Court should consider matters of which the Court may take judicial notice,[17] whether or not such notice is requested.[18] In their Motion to Dismiss, Defendants cite to three news articles to demonstrate that information regarding temporary seats and potential obstructions had entered the public realm before the game.[19] Because the Court takes judicial notice of the articles for the limited purpose of showing what facts were disclosed to the public and will not otherwise consider them,[20] the Motion to Strike the articles (Exhibits B, C, and D) is **DENIED**.

---

[13] Fed. R. Civ. P. 12(d); *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[14] *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).
[15] *Collins*, 224 F.3d at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.3d 429, 431 (7th Cir. 1993)). This exception is a natural extension of Rule 10(c), which states that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Because such documents are considered part of the pleadings, they are not "matters outside the pleadings" that trigger conversion to a motion for summary judgment under Rule 12. *See* Fed. R. Civ. P. 12(d).
[16] *Kaye v. Lone Star Fund V (U.S.) L.P.*, --- F. Supp. 2d ----, 2011 WL 1548967, at *9 (N.D. Tex. Apr. 26, 2011) (Lynn, J).
[17] *See Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2003).
[18] Fed. R. Evid. 201(c).
[19] Defendants' Mot. to Dismiss, Ex. B, C, & D.
[20] *See United States ex. rel. Lam v. Tenet Healthcare Corp,* 481 F.Supp.2d 673, 680 (W.D. Tex. 2006) (stating that courts have the power to take judicial notice of the coverage and existence of newspaper and magazine articles); s*ee also Washington Post v. Robinson,* 935 F.2d 282, 291 (D.C. Cir. 1991) (allowing judicial notice of the existence of newspaper articles); *Staehr v. Hartford Fin. Servs. Group, Inc.,* 547 F.3d 406, 425 (2d Cir. 2008) (affirming district court's decision to allow materials offered to show things said in the press and not offered for the truth of the matter asserted); *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 (3d Cir. 2006) (affirming district court's decision to allow articles as they serve only to indicate what was available in the public realm at the time, not whether the contents of those articles were in fact true).

The NFL filed with the Court its offers to compensate members of the Displaced and Relocated/Delayed Group after the Court directed it to do so.[21] Because the Court may take judicial notice of information that is a part of the Court's record,[22] and notice is particularly appropriate if the information reflects a settlement which may moot the case,[23] the Motion to Strike the compensation offers (Exhibits E and F) is **DENIED**.

In their Original Complaint, Plaintiffs partially quote a transcript of a press conference given by Goodell and Grubman.[24] Defendants attached a full transcript of the press conference to their Motion to Dismiss.[25] Because the Court should consider the full text of documents partially quoted in the Original Complaint when considering a Motion to Dismiss,[26] the Motion to Strike the transcript of the NFL press conference (Exhibit G) is **DENIED**.

### III.  MOTION TO DISMISS

#### A. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support.[27] While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation."[28] To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[21] Docket Entry #30.
[22] *See ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 (5th Cir. 1981).
[23] *See id.*
[24] Original Compl., at 6.
[25] Defendants' Mot. to Dismiss, Ex. G.
[26] *See Truk Int'l Fund LP v. Wehlmann*, 737 F. Supp. 2d 611, 616 (N.D. Tex. 2009) *aff'd*, 389 F. Appx. 354 (5th Cir. 2010) (stating that when considering a motion to dismiss, the court is to consider, in addition to the allegations of the complaint, the full text of documents partially quoted in the complaint).
[27] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).
[28] *Id.* at 1949-50 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

accepted as true, to state a claim to relief that is plausible on its face.[29] Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief.[30]

Rule 9(b) requires that a party "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake."[31] The Fifth Circuit has interpreted Rule 9(b) to require, at a minimum, that a plaintiff set forth the "who, what, when, where, and how" of the alleged fraud.[32] However, the Fifth Circuit has also stated that the "time, place, contents, and identity standard is not a straitjacket for Rule 9(b)," concluding that Rule 9(b) is context-specific and flexible.[33]

### B. Breach of Contract Claim

The breach of contract claim arises out of the Super Bowl game ticket.[34] That ticket, however, is a contract only between the NFL and a ticket purchaser (or a purchaser's assignee).[35] While Plaintiffs allege that "Defendants" sold tickets to the Plaintiffs,[36] Plaintiffs have stated no facts supporting the conclusion that the Cowboys Defendants (Jerry Jones, Blue & Silver, Inc., Dallas Cowboys Football Club, LTD., JWJ Corporation, Cowboys Stadium, L.P., Cowboys Stadium, G.P., LLC) were parties to any contract with the Plaintiffs. The fact that the Super Bowl was held at Cowboys Stadium and that Jerry Jones stated afterwards that he accepted responsibility for the seating problems does not mean that the Cowboys Defendants became

---

[29] *Twombly*, 550 U.S. at 570.
[30] Fed. Rule Civ. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1950.
[31] *See, e.g.*, *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 384 (5th Cir. 2003); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).
[32] *Thompson*, 125 F.3d at 903 (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).
[33] *See Grubbs*, 565 F.3d at 188, 190 (internal quotation marks omitted).
[34] *See* Plaintiffs' Consolidated Complaint, at ¶6.2. *See also* Defendants' Mot. to Dismiss Consolidated Complaint at 11.
[35] *See* Defendants' Mot. to Dismiss Consolidated Complaint, Ex. A.
[36] *See* Plaintiffs' Consolidated Complaint, at ¶6.2.

parties to a contract between the NFL and the Plaintiffs. The Defendants' Motion to Dismiss the breach of contract claim against the Cowboys Defendants is, therefore, **GRANTED** without prejudice to repleading, within 21 days of the date of this Order, the existence of a contract between the Plaintiffs and the Cowboys Defendants, if Plaintiffs can do so in good faith.

The remaining contract claim arising out of the ticket is asserted by Plaintiffs against the NFL. Under Texas law, the "fact that the contract provides a party with a particular remedy does not, of course, necessarily mean that such remedy is exclusive."[37] "[A] construction which renders the specified remedy exclusive should not be made unless the intent of the parties that it be exclusive is clearly indicated or declared."[38] The language on the ticket "subject to refund" provides a specified remedy, but does not expressly limit the damages available for breach of contract.

At this stage in the litigation, the breach of contract claim against the NFL cannot be determined as a matter of law. There is no proof in the record that the offers of compensation were in fact sent to the individual Plaintiffs or to other class members. Furthermore, the issue of what recoverable damages the Plaintiffs actually suffered cannot be determined based upon the pleadings alone. If Plaintiffs prevail on their contract claim, they will be entitled to damages that the law allows, unlimited by the statement of remedy on the ticket. Defendants' Motion to Dismiss the breach of contract claim against the NFL is therefore **DENIED**.

### C. Breach of Implied Covenant of Good Faith and Fair Dealing.

Plaintiffs state that the contracts (i.e. the tickets) contain an implied covenant of good faith and fair dealing.[39] The common-law duty of good faith and fair dealing only arises when a

---

[37] *Pelto Oil Co. v. CSX Oil & Gas Corp.,* 804 S.W.2d 583, 586 (Tex. App.—Houston [1st Dist.] 1991, writ denied).
[38] *Vandergriff Chevrolet Co., Inc. v. Forum Bank,* 613 S.W.2d 68, 70 (Tex. Civ. App.—Fort Worth 1981, no writ).
[39] Plaintiffs' Consolidated Complaint, at ¶7.2.

contract creates or governs a special relationship between the parties.[40] Simply because a party may not have the ability to negotiate specific terms of an agreement does not mean that a special duty exists.[41] "There is no general duty of good faith and fair dealing in ordinary, arms-length commercial transactions."[42] The Court concludes as a matter of law that the purchase of a Super Bowl ticket from the NFL does not create such a duty.

Plaintiffs and the NFL entered into an ordinary commercial relationship for purchase of tickets to see a football game. In *Arnold v. Nat'l County Mut. Fire Ins. Co.*, on which Plaintiffs rely, the Texas Supreme Court held that in the insurance context, a "special relationship arises out of the parties' unequal bargaining power *and* the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims."[43] The Court reasoned that an insurance company has exclusive control over processing and denial of any claims under the policy and could delay payment arbitrarily with no more penalty than interest on the amount owed. Ticket sales are unlike insurance contracts, and the characteristics described in *Arnold* as a basis for finding a special relationship between the parties do not apply to the sale of a ticket. Though Plaintiffs were unable to negotiate the specific terms of their contracts to attend the Super Bowl, unequal bargaining power alone is not enough to establish a special duty.[44] Plaintiffs point to no cases that find a special relationship between a buyer and a seller of tickets, and the Court finds that a special duty does not exist between the NFL as a ticket seller and the Plaintiffs as ticket buyers.

---

[40] *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 225 (Tex. 2002).
[41] *See Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 281 (Tex. 1998).
[42] *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 52 (Tex. 1998). *See also Adolph Coors Co. v. Rodriguez,* 780 S.W.2d 477, 481 (Tex. App.—Corpus Christi 1989, writ denied) (holding that the special duty does not extend to ordinary commercial contractual relationships such as a supplier-distributor relationship); *See also Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990) (the relationship of mortgagor and mortgagee ordinarily does not create a duty of good faith).
[43] *Arnold v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987) (emphasis added).
[44] *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 281 (Tex. 1998).

Therefore, Plaintiffs' claim for breach of an implied covenant of good faith and fair dealing is **DISMISSED WITH PREJUDICE**.

### D. Fraud and Negligent Misrepresentation

Plaintiffs allege that Defendants made affirmative misrepresentations and fraudulently concealed material facts concerning the tickets Plaintiffs purchased for Super Bowl XLV.[45] Under Rule 9(b), Plaintiffs must plead fraud with particularity. Plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent" and "set forth 'the who, what, when, where, and how' of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (citations omitted).

Plaintiffs do not satisfy the Rule 9(b) standard. The Complaint fails to identify with particularity which Defendants allegedly made fraudulent representations, in what form, and the specific content of the representations. Defendants' Motion to Dismiss Plaintiffs' fraud claim is therefore **GRANTED**. Plaintiffs may re-plead their alleged fraud claim within 21 days of the date of this Order, stating the who, what, when, where, and how of such misrepresentations.

Defendants argue that Plaintiffs' negligent misrepresentation claim should also be dismissed for failure to comply with Rule 9(b).[46] The Fifth Circuit has applied the heightened pleading requirement of Rule 9(b) when the fraud and negligent misrepresentation claims "are based on the same set of alleged facts."[47] Plaintiffs' claims for fraud and negligent misrepresentation are based on the same set of alleged facts concerning the location of ticketed seats and whether temporary seats would be completed in time for the game.[48] Therefore,

---

[45] Plaintiffs' Consolidated Complaint at 12-14.
[46] Defendants' Mot. to Dismiss at 22.
[47] *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).
[48] Plaintiffs' Consolidated Complaint, at p.12-14.

Defendants' Motion to Dismiss Plaintiffs' negligent misrepresentation claim is **GRANTED**. Plaintiffs may re-plead the alleged negligent misrepresentation claim within 21 days of the date of this Order, providing the same detail as is required for the fraud claim.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Strike is **DENIED** and Defendants' Motion to Dismiss is:

1) **GRANTED** as to the breach of contract claim against the Cowboys Defendants, but Plaintiffs are given leave to re-plead within 21 days of the date of this Order to identify any contract allegedly breached by the Cowboys Defendants;

2) **GRANTED** as to the fraud / negligent misrepresentation claims, but Plaintiffs are given leave to re-plead within 21 days of the date of this Order to provide the specificity Rule 9(b) requires;

3) **GRANTED, with prejudice,** as to Plaintiffs' claim for breach of an implied covenant of good faith and fair dealing; and

4) **Otherwise DENIED**.

**SO ORDERED.**

November 30, 2011.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**