# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

| | |
|---|---|
| BRUCE IBE, CONSTANCE YOUNG, JASON MCLEAR, ROBERT FORTUNE, DEAN HOFFMAN, KEN LAFFIN, DAVID WANTA, and REBECCA BURGWIN, | |
| Plaintiffs, | **Civil Action No. 3:11-CV-00248 M** |
| vs. | |
| NATIONAL FOOTBALL LEAGUE, | |
| Defendant. | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Below are Plaintiffs' proposed annotated jury instructions.  Plaintiffs reserve the right to amend or revise these instructions to conform with the evidence and arguments introduced at trial.

## TABLE OF CONTENTS

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1 | Instructions for Beginning of Trial | 5th Cir. No. 1.1 | 1 |
| 2 | Preliminary Instructions to Jury | 5th Cir. No. 1.2 | 3 |
| 3 | First Recess | 5th Cir. No. 2.1 | 6 |
| 4 | Limiting Instruction | 5th Cir. No. 2.6 | 7 |
| 5 | Stipulations of Fact | 5th Cir. No. 2.3 | 8 |
| 6 | Impeachment by a Witness's Inconsistent Statement | 5th Cir. No. 2.11 | 9 |
| 7 | Deposition Testimony | 5th Cir. No. 2.13 | 10 |
| 8 | Jury Charge | 5th Cir. No. 3.1 | 11 |
| 9 | Multiple Plaintiffs | 9th Cir. No. 1.5 | 13 |
| 10 | Burden of Proof: Preponderance of the Evidence | 5th Cir. No. 3.2 | 14 |
| 11 | Evidence | 5th Cir. No. 3.3 | 15 |
| 12 | Witnesses | 5th Cir. No. 3.4 | 16 |
| 13 | No Inference from Filing Suit | 5th Cir. No. 3.6 | 17 |
| 14 | Breach of Contract | Lewis v. Bank of America NA., 343 F.3d 540, 544-45 (5th. Cir. 2003); Texas Pattern Jury Charges 101.7 | 18 |
| 15 | Contract Performance Sole Responsibility of the NFL | Joint Pretrial Order at 14. | 20 |
| 16 | Contract Damages | Jerry L. Starkey, TBDL, L.P. v. Graves, 448 S.W.3d 88, fn. 28 (Tex. App. Houston September 11, 2014) accord Wes-Tex Tank Rental, Inc. v. | 21 |

| | | *Pioneer Natural Resources Usa, Inc.*, 327 S.W.3d 316, 320 (Tex. App. Eastland 2010). "Reliance damages restore any expenditures the non-breaching party made in reliance on the contract." *citing* Mistletoe Express Serv. of Okla. City, Okla. v. Locke, 762 S.W.2d 637, 638–39 (Tex. App. Texarkana 1988); Texas Pattern Jury Charges 115.4 | |
| 17 | Fraudulent Inducement | Reece v. U.S. Bank Nat. Ass'n, 762 F.3d 422, 423 (5th. Cir. 2014) *citing* In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001) | 23 |
| 18 | Fraud Through Partial/Non-Disclosure | Texas Pattern Jury Charges 105.4 | 24 |
| 19 | Fraud, If Any, Sole Responsibility of NFL | Joint Pretrial Order at 14. | 25 |
| 20 | Fraud- Damages | Texas Pattern Jury Charges 115.19 | 26 |
| 21 | Fraud Determination By Clear and Convincing Evidence | Texas Pattern Jury Charges 115.31 and 115.37(B) | 27 |
| 22 | Duty to Deliberate | 5th Cir. No. 3.7 | 28 |
| | **INSTRUCTIONS FOR EXEMPLARY DAMAGES PHASE, IF ANY** | | |
| 1 | Exemplary Damages - Generally | Texas Pattern Jury Charges 115.31 and 115.37(B) | 30 |
| 2 | Exemplary Damages - Factors | Texas Pattern Jury Charges 115.38 and Missouri Pacific R. Co. v. Lemon, 861 S.W.2d 501, 522 (Tex.App.–Hous. 1993) | 31 |
| 3 | Duty to Deliberate | 5th Cir. No. 3.7 | 32 |

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1.**

Members of the jury panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. This is a high-profile case that has experienced a lot of media attention. I understand you may want to tell your family, close friends and other people that you have been called for jury service on this case and so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case. In addition, under no circumstances should you communicate with the media about this case while you are serving as a juror nor should you grant any interviews to the media while you are serving as a juror in this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. Do not read or watch any media stories about this case or the trial.  If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

---

5th Circuit Model Civil Jury Instruction No. 1.1 (modified to reflect the previous media attention garnered by this matter and to instruct the jurors not to speak to the media, if at all, until after their service is complete).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2.**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and

persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.  In addition, under no circumstances should you communicate with the media about this case while you are serving as a juror nor should you grant any interviews to the media while you are serving as a juror in this case.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiffs' will present their case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments.  Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown.  Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial.  Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

---

5th Circuit Model Civil Jury Instruction No. 1.2 (modified for multiple plaintiffs and instructs jurors not to speak with the media, if at all, until after their service is completed).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3.**


We are about to take our first break in this trial.  Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors.  If anyone approaches you and tries to talk to you about the case, advise me about it immediately.  Do not read or listen to any news reports of the trial or use any technology tools to do independent research.  In addition, under no circumstances should you communicate with the media about this case while you are serving as a juror nor should you grant any interviews to the media while you are serving as a juror in this case.  Remember to keep an open mind until all the evidence has been received.  Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

---

5th Circuit Model Civil Jury Instruction No. 1.3 (modified to instruct jurors not to speak with the media)

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4.**


When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

---

5th Circuit Model Civil Jury Instruction No. 2.6 (if applicable).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5.**


A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

---

5th Circuit Model Civil Jury Instruction No. 2.3.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6.**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

5th Circuit Model Civil Jury Instruction No. 2.11 (if applicable).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7.**


Certain testimony [will now be] [has been] presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers [will be][have been] shown to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

---

5th Circuit Model Civil Jury Instruction No. 2.13 (if applicable).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8.**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

---

5th Circuit Model Civil Jury Instruction No. 3.2.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9.**

You should decide the case as to each plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

---

9th Circuit Model Civil Jury Instruction No. 1.5 (multiple plaintiffs).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10.**


Each plaintiff has the burden of proving his or her case by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find a plaintiff has failed to prove any element of their claim by a preponderance of the evidence, then that plaintiff may not recover on that claim.

---

5th Circuit Model Civil Jury Instruction No. 3.2 (modified for multiple plaintiffs).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11.**


The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

---

5th Circuit Model Civil Jury Instruction No. 3.3.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12.**


You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

---

5th Circuit Model Civil Jury Instruction No. 3.3.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

---

5th Circuit Model Civil Jury Instruction No. 3.6.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14.**

Each of the plaintiffs in this case claims that the NFL breached its contract with them. Let me instruct you on the law regarding breach of contract.

For there to be a breach of contract, you must find each of the following elements by a preponderance of the evidence. As I stated before, you are to consider these elements separately for each plaintiff:

First, the existence of a valid contract. I instruct you that, as a matter of law, that the Court has determined that there was a valid contract between the NFL and each plaintiff in this case. You therefore must assume this element has been met and you need not consider it. This contract required the NFL to provide each ticket holder a spectator seat for the game. The term "spectator seat for the game" under this contract means: (a) the seat identified on the front of the ticket; (b) to watch the entire Super Bowl game; (c) with no visual obstructions of the football field.

Second, performance or tendered performance by the plaintiff. The parties have stipulated that each plaintiff performed on the contract, so you must assume that this element has been met and you need not consider it.

Third, breach of the contract by the NFL; and

Fourth, damages to the plaintiff caused by the NFL's breach.

*[CONTINUED ON THE NEXT PAGE]*

18

For there to a breach of contract by the NFL, you must find by a preponderance of the evidence that the NFL did not provide the plaintiff the spectator seat(s) identified on the face of the tickets, for the entire Super Bowl, free from obstructions.  The NFL's reasons for not providing the agreed upon spectator seat(s) are irrelevant and are not a defense to breach of contract.

---

For the elements of breach of contract under Texas law, see Lewis v. Bank of America NA., 343 F.3d 540, 544-45 (5th. Cir. 2003).

For the court's duty to include its construction of the contract for the jury, see Texas Pattern Jury Charges 101.7 (2012):

> Court's construction should be included in charge. If the construction of a provision of the agreement is in dispute and the court resolves the dispute by interpreting the provision according to the rules of construction, the court should include that interpretation in submitting PJC 101.2.

For the court's duty to interpret the contract for the jury, see Texas Pattern Jury Charges 101.7 (2012):

> Court's duty to interpret unambiguous contract. If a contract is unambiguous or if it is ambiguous but parol evidence of circumstances is undisputed, construction of the contract is an issue for the court. Brown v. Payne, 176 S.W.2d 306, 308 (Tex. 1943); In re Hite, 700 S.W.2d 713, 718 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.). Whether a contract is ambiguous is a question of law. If a contract as written can be given a clear and definite legal meaning, it is not ambiguous as a matter of law. Gilbert Texas Construction, L.P. v. Underwriters at Lloyd's London, 327 S.W.3d 118,133 (Tex. 2010); Friendswood Development Co. v. McDade + Co., 926 S.W.2d 280, 282 (Tex. 1996). A contract is ambiguous if, after application of the pertinent rules of construction, it remains reasonably susceptible of more than one meaning, taking into consideration the circumstances present when the contract was executed. Towers of Texas, Inc. v. J&J Systems, Inc., 834 S.W.2d 1, 2 (Tex. 1992); Coker v. Coker, 650 S.W.2d 391, 393–94 (Tex. 1983).

For the Court's interpretation of the contract at issue in this case, see D.E. 325, Memorandum Opinion and Order dated September 30, 2014 Order at 10-11, 15-19.

The NFL is no longer claiming impossibility or any other legal excuse to its performance.  See Joint Pretrial Order at 14 ("The NFL is not asserting, and hereby withdraws, any impossibility/excuse defense to any of the Plaintiffs' claims.").

19

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15.**


The NFL was solely responsible for performing on the contract at issue in this case.  I instruct you that, as a matter of law, the NFL may not shift its responsibility for any breach of contract you find to any other person or entity, including without limit, the Dallas Cowboys, Seating Solutions, or Populous.

---

This instruction precludes the NFL from shifting responsibility for performance onto its subcontractors and or third parties which is consistent with the position it took in the pretrial order.  <u>See</u> Joint Pretrial Order at 14 ("The NFL is not asserting, and hereby withdraws, any impossibility/excuse defense to any of the Plaintiffs' claims.").

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 16.

If you conclude that the NFL breached its contract with the plaintiff, you must next determine by a preponderance of the evidence the plaintiff's damages. This is the amount of money necessary to restore the plaintiff to the position he or she would have been in if the NFL had not breached the contract, and may include, without limit, any expenses, lost wages, and lost vacation time, the plaintiff undertook to attend the Super Bowl.

For each plaintiff, write down the amount of the damages on the verdict form in response to question number [INSERT NUMBER FROM VERDICT FORM].

---

"In a contract claim, out-of-pocket damages protect a reliance interest by restoring to the non-breaching party the expenditures made in reliance on the contract." Jerry L. Starkey, TBDL, L.P. v. Graves, 448 S.W.3d 88, fn. 28 (Tex. App. Houston September 11, 2014) *accord* Wes-Tex Tank Rental, Inc. v. Pioneer Natural Resources Usa, Inc., 327 S.W.3d 316, 320 (Tex. App. Eastland 2010). "Reliance damages restore any expenditures the non-breaching party made in reliance on the contract." *citing* Mistletoe Express Serv. of Okla. City, Okla. v. Locke, 762 S.W.2d 637, 638–39 (Tex. App. Texarkana 1988). "Reliance damages" are also commonly referred to as "out-of-pocket" damages. See e.g. Jerry L. Starkey, *supra*.

Because reliance damages are direct, as opposed to consequential, there is no requirement the damages are reasonably foreseeable by the NFL:

> Since Hadley v. Baxendale, 9 Exch. 341, 156 Eng. Rep. 145 (1854), contract damages have been divided into two categories: direct and consequential. See Arthur Andersen & Co. v. Perry Equipment Corp., 945 S.W.2d 812, 816 (Tex. 1997). Direct damages—
>> are those which naturally and necessarily flow from a wrongful act, are so usual an accompaniment of the kind of breach alleged that the mere allegation of the breach gives sufficient notice, and are conclusively presumed to have been foreseen or contemplated by the party as a consequence of his breach of contract.

[annotation continued on the next page]

Hess Die Mold, Inc. v. American Plasti-Plate Corp., 653 S.W.2d 927, 929 (Tex. App.—Tyler 1983, no writ).  The general or direct nature of a type of damages is a determination of law to be made by the court.  No question should be submitted concerning the foreseeability of direct damages; even if the evidence shows that such damages were not factually foreseeable to the parties, recovery is permitted if the damages are properly characterized by the court as direct rather than consequential.  American Bank v. Thompson, 660 S.W.2d 831, 834 (Tex. App.—Waco 1983, writ ref'd n.r.e.).  Even damages usually not considered recoverable may be deemed direct damages if they stem as a matter of law from the breach of the contract in question.  See Cactus Utility Co. v. Larson, 709 S.W.2d 709, 716 (Tex. App.—Corpus Christi 1986), rev'd in part on other grounds, 730 S.W.2d 640 (Tex. 1987) (expert witness fee, for accountant, recoverable as direct damages for breach of agreement to provide accounting services).

Texas Pattern Jury Charges 115.4 (comment on direct damages).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17.

As to plaintiffs [INSERT NAMES HERE], you must next determine by a preponderance of the evidence if the NFL fraudulently induced them into purchasing tickets and attending the Super Bowl.

The elements of fraudulent inducement are as follows:

First, that the NFL made a material representation;

Second, the representation was false;

Third, when the representation was made, the NFL knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion;

Fourth, the NFL made the representation with the intent that the plaintiff in question should act upon it;

Fifth, the plaintiff acted in reliance on the representation; and

Sixth, the plaintiff thereby suffered injury.

In this case, I instruct you as a matter of law that a ticket to the Super Bowl that was not marked by the NFL "Restricted View" amounted to a representation by the NFL that the seats did not have a restricted or obstructed view.

---

Reece v. U.S. Bank Nat. Ass'n, 762 F.3d 422, 423 (5th. Cir. 2014) *citing* In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001).

For the language setting forth that the NFL's omission of the "Restricted View" language on tickets is an affirmative representation of the contrary, see D.E. 325 at 22 ("In effect, the terms of the ticket amounted to a representation that the seats purchased did not have restricted views, since tickets with obstructed views were so marked." (citations omitted)).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18.

As to plaintiffs [INSERT PLAINTIFFS' NAMES HERE], you may also conclude that the NFL committed fraud through a failure to disclose.

The elements of fraud through a failure to disclose must be proven by a preponderance of the evidence:

First, the NFL failed to disclose a material fact within the knowledge of the NFL;

Second, the NFL knew that the plaintiff at issue is ignorant of the fact and does not have an equal opportunity to discover the truth;

Third, the NFL intended to induce the plaintiff at issue to take some action by failing to disclose the fact, and

Fourth, the plaintiff at issue suffered some injury as a result of acting without knowledge of the undisclosed fact.

---

Texas Pattern Jury Charges 105.4; see also commentary to 105.4:

> Courts of appeals have concluded a duty to disclose may arise when (1) there is a special or fiduciary relationship, (2) a person voluntarily discloses partial information but fails to disclose the whole truth, (3) a person makes a representation but fails to disclose new information that makes the earlier representation misleading or untrue, or (4) a person makes a partial disclosure and conveys a false impression. See, e.g., Columbia/HCA Healthcare Corp. v. Cottey, 72 S.W.3d 735, 744–45 (Tex. App.—Waco 2002, no pet.); Anderson, Greenwood & Co. v. Martin, 44 S.W.3d 200, 212–13 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); Lesikar v. Rappeport, 33 S.W.3d 282, 299 (Tex. App.— Texarkana 2000, pet. denied); Hoggett v. Brown, 971 S.W.2d 472, 487 (Tex. App.— Houston [14th Dist.] 1997, pet. denied).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 19.**


      To the extent any fraud occurred in connection with the seats of the Plaintiffs, the NFL was solely responsible for such fraud.  I instruct you that, as a matter of law, the NFL may not shift its responsibility for any fraud you find to any other person or entity, including without limit, the Dallas Cowboys, Seating Solutions, or Populous.

---

This instruction precludes the NFL from shifting responsibility for performance onto its subcontractors and or third parties which is consistent with the position it took in the pretrial order.  <u>See</u> Joint Pretrial Order at 14 ("The NFL is not asserting, and hereby withdraws, any impossibility/excuse defense to any of the Plaintiffs' claims.").

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 20.

As to each plaintiff that you concluded the NFL defrauded, you must next determine by a preponderance of the evidence their damages.  This is the amount of money necessary to restore the plaintiff to the position he or she would have been in if the NFL had not committed fraud, and may include, without limit, any expenses, lost wages, and lost vacation time, the plaintiff undertook to attend the Super Bowl.

For each plaintiff, write down the amount of the damages on the verdict form in response to question number [INSERT NUMBER FROM VERDICT FORM].

---

Out-of-pocket damages are an appropriate damage metric in a civil fraud case and should be imposed without regard to foreseeability of the defendant:

> In fraud cases, direct damages are sometimes referred to as general damages—that is, damages that are the necessary and usual result of the wrong complained of. Airborne Freight Corp. v. C.R. Lee Enterprises, 847 S.W.2d 289, 295 (Tex. App.—El Paso 1992, writ denied). The measure of direct damages in fraud cases has been held to be either "out of pocket" or "benefit of the bargain." Streller v. Hecht, 859 S.W.2d 114, 116 (Tex. App.—Houston [14th Dist.] 1993, writ denied); LSR Joint Venture No. 2 v. Callewart, 837 S.W.2d 693, 701–02 (Tex. App.—Dallas 1992, writ denied); Matthews v. AmWest Savings Ass'n, 825 S.W.2d 552, 554 (Tex. App.—Beaumont 1992, writ denied). However, the benefit-of-the-bargain measure is not available for a fraudulenti nducement claim when there is no enforceable contract. Haase v. Glazner, 62 S.W.3d 795, 799–800 (Tex. 2001).

Texas Pattern Jury Charges 115.19 (comment on direct damages for civil fraud).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 21.**

If you concluded that the NFL defrauded the plaintiff by a preponderance of the evidence, you must next determine whether the NFL defrauded that plaintiff by clear and convincing evidence.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

---

Definition of "clear and convincing evidence" is taken verbatim from <u>Texas Pattern Jury Charges</u> 115.31.

For the need to conclude that the fraud was committed by clear and convincing evidence, see <u>Texas Pattern Jury Charges</u> 115.37(B) ("Do you find by clear and convincing evidence that the harm to Paul Payne resulted from [malice, fraud, or gross negligence]?")

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22.**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

*[CONTINUED ON THE NEXT PAGE]*

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

5th Circuit Model Civil Jury Instruction No. 3.7.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1**

*[FOR SECOND PHASE OF TRIAL, IF NECESSARY]*

You must next determine the amount of exemplary damages to award [PLAINTIFFS THAT JURY FOUND BY CLEAR AND CONVINCING EVIDENCE THERE WAS FRAUD AND AWARDED DAMAGES to].

The amount of exemplary damages must be made by clear and convincing evidence.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

For you to impose exemplary damages you must find by clear and convincing evidence that the harm resulted from the NFL's fraud.

---

Definition of "clear and convincing evidence" is taken verbatim from <u>Texas Pattern Jury Charges</u> 115.31.

For the need to conclude that the fraud was committed by clear and convincing evidence, see <u>Texas Pattern Jury Charges</u> 115.37(B) ("Do you find by clear and convincing evidence that the harm to Paul Payne resulted from [malice, fraud, or gross negligence]?")

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2.

### *[FOR SECOND PHASE OF TRIAL, IF NECESSARY]*

For the plaintiffs you concluded should be awarded exemplary damages, you must now determine the amount to award.

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

1. The nature of the wrong.

2. The character of the conduct involved.

3. The degree of culpability of the NFL.

4. The situation and sensibilities of the parties concerned.

5. The extent to which such conduct offends a public sense of justice and propriety.

6. The net worth of the NFL including its financial abilities.

Write down the amount of exemplary damages you are awarding to each plaintiff as indicated on the verdict form.

---

Texas Pattern Jury Charges 115.38 and Missouri Pacific R. Co. v. Lemon, 861 S.W.2d 501, 522 (Tex.App.–Hous. 1993) ("Further, the jury properly received evidence regarding MoPac's financial ability indicating that the railroad's net worth was one billion one hundred and forty-three million dollars.")

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3**

*[FOR SECOND PHASE OF TRIAL, IF NECESSARY]*

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict as to the amount of exemplary damages. Each of you must decide this for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go back into the jury room to deliberate, you may take with you a copy of this second charge, the exhibits that I have admitted into evidence from both phases of the trial, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to resume your deliberations.

---

5th Circuit Model Civil Jury Instruction No. 3.7 (modified to reflect that it for the second phase of the trial).

Dated:  February 18, 2015

By: ___s/ Christopher S. Ayres_____

Christopher S. Ayres

Texas Bar No. 24036167

R. Jack Ayres, Jr.

Texas Bar No. 01473000

LAW OFFICES OF R. JACK AYRES, JR., P.C.

4350 Beltway Drive

Addison, Texas 75001

E-Mail:       csayres@ayreslawoffice.com

Telephone:    972-991-2222

Facsimile:    972-386-0091

By: ___/s/ Michael J. Avenatti_____

Michael J Avenatti

California Bar Number:  206929

Ahmed Ibrahim (*Pro Hac Vice*)

California Bar Number:  238739

EAGAN AVENATTI, LLP

520 Newport Center Drive, Suite 1400

Newport Beach, CA 92660

E-Mail:        mavenatti@eaganavenatti.com
              aibrahim@eaganavenatti.com

Telephone:    949-706-7000

Facsimile:    949-706-7050

CO-LEAD COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this filed pleading is being served upon all counsel of record through the Court's ECF delivery system, as provided by the Local Rules at or shortly after the time and date of filing.

DATED:  February 18, 2015

s/ Christopher S. Ayres
Christopher S. Ayres
Texas Bar No. 24036167
R. Jack Ayres, Jr.
Texas Bar No. 01473000
LAW OFFICES OF R. JACK AYRES, JR., P.C.
4350 Beltway Drive
Addison, Texas 75001
E-Mail:        csayres@ayreslawoffice.com
Telephone:   972-991-2222
Facsimile:    972-386-0091


s/ Michael J. Avenatti
Michael J. Avenatti (*Pro Hac Vice*)
Bar Number:  206929
E-Mail:        mavenatti@eaganavenatti.com
Ahmed Ibrahim (*Pro Hac Vice*)
Bar Number:  238739
E-Mail:        aibrahim@eaganavenatti.com
EAGAN AVENATTI, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone:   949-706-7000
Facsimile:    949-706-7050