UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE IBE, <br> JASON MCLEAR, <br> ROBERT FORTUNE, <br> DEAN HOFFMAN, KEN LAFFIN, DAVID <br> WANTA, and REBECCA BURGWIN, <br><br> Plaintiffs, <br> v. <br><br> NATIONAL FOOTBALL LEAGUE, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 3:11-CV-248-M |

## JUDGMENT

On March 12, 2015, the jury rendered a verdict in favor of each Plaintiff on his or her breach of contract claim, but found that the NFL did not fraudulently induce Plaintiffs Robert Fortune and Dean Hoffman to purchase their tickets to Super Bowl 45 [Docket Entry #446]. The jury awarded each Plaintiff the following damages for breach of contract:

1. Bruce Ibe:          $7,957.00
2. David Wanta:        $5,670.00
3. Ken Laffin:         $7,720.00
4. Rebecca Burgwin:    $22,000.00
5. Jason McLear:       $10,000.00
6. Robert Fortune:     $7,100.00
7. Dean Hoffman:       $15,403.86

Pursuant to Federal Rule of Civil Procedure 50(b), it is **ORDERED, ADJUDGED, AND DECREED** that each Plaintiff shall recover the foregoing amounts, including prejudgment

interest[*] provided below and postjudgment interest[†] at the statutory rate, from Defendant, for which execution may issue. Each Plaintiff shall recover the following amounts in prejudgment interest:

1. Bruce Ibe: $1,641.54
2. David Wanta: $1,169.72
3. Ken Laffin: $1,592.64
4. Rebecca Burgwin: $4,538.63
5. Jason McLear: $2,063.01
6. Robert Fortune: $1,464.73
7. Dean Hoffman: $3,177.82

Plaintiffs Robert Fortune and Dean Hoffman shall take nothing on their fraudulent inducement claims against Defendant. Costs of court are taxed against Defendant. The determination of whether attorney's fees are recoverable by the Plaintiffs, and if so, how much, are hereby reserved to be decided by the Court at a later date.

**SO ORDERED.**

March 25, 2015.

*[signature]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[*] A court may award pre-judgment interest under Texas common law, which allows pre-judgment interest to accrue as simple interest at the same rate as post-judgment interest. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998); *see also Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 500 (5th Cir. 2002). Prejudgment interest as damages begins to accrue on the earlier of: (1) the date suit is filed; or (2) the 180th day after the defendant receives written notice of a claim. *Kenneco Energy, Inc.*, 962 S.W.2d at 531. Prejudgment interest may not be awarded on attorney's fees. *C&H Nationwide v. Thompson*, 903 S.W.2d 315, 325 (Tex. 1994). Plaintiffs filed their Class Action Complaint on February 8, 2011. Docket Entry #1. There is no evidence before the Court that the NFL received written notice of Plaintiffs' claims any earlier than February 8, 2011. Therefore, 1,506 days have lapsed from the date suit was filed to the date of this Judgment, and the prejudgment interest is calculated according to the following formula: $Interest = P \text{ (Damages Awarded)} * r\, (5\%) * t$ (4 years, 1 month, 17 days).

[†] Post-judgment interest is calculated using the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System for the calendar week preceding. 28 U.S.C. § 1961. The 1-year rate for the week ending March 20, 2015 is 0.25%.